UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE VILLANUEVA,<br><br>Defendant. | No. 1:20-cr-00176-DJC<br><br>**ORDER** |

Defendant Jose Villanueva appeals Magistrate Judge Stanley A. Boone's revocation of probation and imposition of a term of incarceration following Villanueva's failure to submit monthly payments toward his court-ordered financial penalty.  For the reasons discussed below, the Court finds that Magistrate Judge Boone's revocation of probation and subsequent sentencing of incarceration were lawful and reasonable.

**FACTS AND PROCEDURAL HISTORY**

On August 19, 2019, Villanueva pleaded guilty to operating a motor vehicle while having a suspended driver's license due to a prior driving while under the influence charge in violation of 36 C.F.R. section 4.2 and California Vehicle code section 14601.2(a).  (ECF No. 13.)  Judge Boone sentenced Villanueva to 24 months of probation and a $1,010 monetary obligation to be paid in monthly installments of

1

$100 until the balance was paid in full. (*Id.*) On September 15, 2020, the district court approved a petition for the revocation of Villanueva's probation. (ECF No. 20.) That petition alleged that Villanueva had violated the terms of his probation by failing to make monthly payments toward his fine; he had only made one monthly payment and had an outstanding balance of $910. (*Id.*) At a hearing two days later, Villanueva entered an admission to the petition's charge, and the Court formally found that Villanueva had violated the terms of his probation. (ECF No. 24; *see* ECF No. 30 (transcript).) Villanueva's counsel informed Judge Boone that Villanueva had been ill for an extended period and that he had recently welcomed a child into his family. (ECF 30 at 13.) Villanueva asked Judge Boone if Villanueva could remain on his previously ordered term of probation and for the opportunity to resume paying his fine, which had a balance of $910. (*Id.* at 13–14; *see* ECF No. 20.) However, at that same hearing, Judge Boone revoked Villanueva's probation and imposed a term of imprisonment of five nonconsecutive days to be served over consecutive weekends beginning in October 2020. (ECF No. 30 at 18.) The Court has no current information indicating whether Villanueva has served his sentence, but will assume that he has done so, given the time that has elapsed since Judge Boone sentenced Villanueva.

Villanueva appealed his revocation of probation and subsequent sentencing to District Judge Dale A. Drozd on October 1, 2020. (ECF No. 27.) The case was reassigned to then-District Judge Ana de Alba on August 24, 2022. (ECF No. 43.) The case was reassigned to District Judge Daniel J. Calabretta on May 9, 2024. (ECF No. 46.)

## LEGAL STANDARD

A Magistrate Judge's decision to revoke a term of probation is reviewed for an abuse of discretion. See *United States v. Laughlin*, 933 F.2d 786, 788 (9th Cir. 1991). The sentence imposed upon revocation is reviewed for reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). A court may revoke probation and impose a prison sentence if it finds by a preponderance of the evidence that the defendant violated a

condition of supervised release.  18 U.S.C. § 3583(e)(3).  But if revocation is based on a failure to pay a financial obligation, the court must also consider "the defendant's employment status, earning ability, financial resources, the willfulness in failing to comply with the fine or restitution order, and any other circumstances that may have a bearing on the defendant's ability or failure to comply with the order of a fine or restitution."  18 U.S.C. § 3613A(a)(2).

## DISCUSSION

Villanueva argues that Judge Boone did not conduct a "full financial inquiry" into the causes of Villanueva's missed payments, and therefore failed to comply with 18 U.S.C. section 3613A(a)(2).  (ECF No. 35 at 4–6; ECF No. 40 at 2.)  The Government argues that Judge Boone fairly considered various contextual factors volunteered by Villanueva and his attorney, and therefore, Judge Boone's decision did not solely punish Villanueva with incarceration for his inability to pay.  (ECF No. 39 at 4–6.)  This Court finds that Judge Boone had sufficient information from Villanueva to revoke probation and impose a brief period of incarceration in accordance with 18 U.S.C. section 3613A(a)(2).

During "revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay." *Bearden v. Georgia*, 461 U.S. 660, 672 (1983).  The Government cannot "fine as a sentence and then automatically convert[] it into a jail term solely because the defendant is indigent and cannot forthwith pay the fine in full." *Tate v. Short*, 401 U.S. 395, 398 (1971).  But "[i]f the probationer has willfully refused to pay the fine or restitution when he has the resources to pay or has failed to make sufficient bona fide efforts to seek employment or borrow money to pay, the State is justified in using imprisonment as a sanction to enforce collection." *Bearden*, 461 U.S. at 660.

Here, Judge Boone sufficiently determined that Villanueva had not made bona fide efforts to pay his fines while having the ability to do so, and therefore, the revocation of probation and subsequent sentencing were properly within Judge

3

Boone's discretion. During the sentencing hearing, Judge Boone heard from both Villanueva and his attorney regarding the reasons Villanueva failed to pay his fines. For example, Villanueva's attorney remarked that "Villanueva has a lot of responsibilities, and he lost control of those responsibilities," noting that Villanueva was recently ill for roughly a period of month, causing him to be absent from work. (ECF No. 30 at 13:22–24.) His attorney also informed Judge Boone that Villanueva had recently had a newborn child, explaining that collectively these factors are "why it slipped his mind to continue the payments." (*Id.* at 13:24-25, 14:1-3.)

Judge Boone then explicitly informed Villanueva that he would have an "opportunity to be heard" and that he was "free to tell [Judge Boone] whatever you want [Judge Boone] to consider for purposes of sentencing." (*Id.* at 14:14–16.) Villanueva responded that he was "fully responsible for not complying with the paying. I understand that. It was a rough time." (*Id.* at 14:17–19.) Villanueva then, like his attorney, pointed to the fact that he had recently been ill and that he had a newborn child. (*Id.* at 14:19–24.) It appears, based on the transcript, that Villanueva was employed during the period when he failed to make timely payments. (*Id.* at 18:5–7; 21:5–6.) Villanueva did not inform Judge Boone of any change in his financial situation, such as a loss of income, as required under the terms of his probation. (*Id.* at 16:2–3, 19:21–25, 20:1.)

At the conclusion of the hearing, Judge Boone informed Villanueva that he would sentence him to a period of incarceration, noting that "I am also mindful of what I sentence the defendant to and his compliance with those terms and conditions which, frankly, was close to nil in terms of complying with those terms and conditions." (*Id.* at 15:22–25.) Judge Boone further opined that it was "an issue of priority" that Villanueva had failed to pay the installments. (*Id.* at 16:3–4.)

Villanueva's argument is essentially that because Judge Boone failed to specifically inquire into why Villanueva did not make the missed payments, Judge Boone could not then incarcerate him for failure to pay the fines. But while *Bearden*

4

prohibits incarceration as a punishment for indigency, Judge Boone had adequate information before him to make a finding that Villanueva had not made the sufficient bona fide efforts to pay the fines. Judge Boone asked Villanueva to share any information that he thought would be relevant to his subsequent sentencing. Both Villanueva and his attorney told Judge Boone the extenuating circumstances behind Villanueva's failure to pay, giving Judge Boone the information he needed to make an informed decision to revoke probation and incarcerate Villanueva in compliance with 18 U.S.C. section 3613A(a)(2). Judge Boone was aware of Villanueva's period of illness and his newborn child, but also that Villanueva was employed at the time. These factors indicate that Villanueva had a source of income and could pay during that period, which is supported by the fact that Villanueva did not inform Judge Boone of any changes in his finances or pay.

      Villanueva points to no case, nor is the Court aware of one, in which a court viewed its obligations under *Bearden* as requiring the court to make an explicit inquiry into a defendant's financial circumstances, even after the court and defendant had discussed those same circumstances only minutes earlier. Because Judge Boone had sufficient insight into Villanueva's financial state at the time, an admission from Villanueva's attorney that it "slipped [Villanueva's] mind to continue the payments," and an admission from Villanueva that he was "fully responsible for not complying with the paying," this Court finds that Judge Boone satisfied *Bearden*'s inquiry requirements in finding that Villanueva did not make bona fide efforts to pay his court-imposed financial penalty. Accordingly, the revocation of probation and the imposition of incarceration do not stem from a failed inquiry into Villanueva's financial situation, and both are permissible under Judge Boone's discretion.

////

////

////

////

**CONCLUSION**

Judge Boone's revocation of probation and subsequent imposition of incarceration for Defendant's missed payments are permissible.  This Court declines to vacate Judge Boone's sentence and declines to remand this case for resentencing.

IT IS SO ORDERED.

Dated:  **June 18, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC5 – villanueva20cr00176.jo